John Carroll Young, J.
This claim for damages in the amount of $1,000,000 is based on alleged negligence of the State “in the unlawful and wrongful detention, the false imprisonment and the unjust and wrongful diagnosis of the sanity of the claimant at Matteawan State Hospital it was duly and timely filed and has not been assigned.
Claimant, in July, 1958 in the City of New York, had been charged with assault and unlawful possession of a weapon, had been committed by the Court of Special Sessions of said city to Bellevue Psychiatric Hospital in said city for observation, and, after the report of that hospital had been delivered to said court, claimant was duly committed to Matteawan State Hospital by an order of said court which was valid on its face; the order provided that claimant was to remain in said hospital ‘1 until such time as he is no longer in such state of idiocy, imbecility or insanity as to be incapable of understanding the charge against him or making his defense thereto. ’ ’
The claim alleges that claimant was, against his will and over his protest, confined and imprisoned at Matteawan State Hospital for a period of 3 years, 11% months from on or about October 9, 1958 to September 17, 1962; that his imprisonment there was based on an “ improper, wrongful, cursory, sketchy, flimsy and negligent examination and diagnosis ” and “ was without just cause and the claimant should have been released therefrom had the State of New York, its agents, servants and/or employees used due diligence, proper facilities and investigative means at their disposal;” also that the State, its agents, servants and employees ‘ ‘ were further negligent in that they failed to provide or afford the claimant, victor rosario the necessary *792 time with qualified psychiatrists, proper and adequate facilities, Spanish-speaking interpreters, and other personnel required so as to properly examine and diagnose the alleged mental illnesses of the claimant, and to ascertain the truth of falsity of his allegations of sanity; in not fully utilizing the full means and facilities at their disposal, so as to properly examine and diagnose the mental status of the claimant and determine the claimant’s true mental condition; the psychiatrists employed by the State of New York were guilty of malpractice in that they failed to properly diagnose the claimant’s true mental condition, in that they held themselves out to be qualified psychiatrists and doctors, in that they failed to live up to the proper standards of doctors and psychiatrists in the community-at-large; in otherwise failing to properly afford the claimant such thorough and complete examination so as to grant him his liberty as a mentally sound person; and in otherwise being grossly negligent and careless under the circumstances then and there existing ’ ’.
Claimant, while confined in said State hospital, initiated three separate habeas corpus proceedings, each of which resulted respectively in an order being made by a different Justice of the Supreme Court of the State of New York dismissing such application, reciting in each instance that claimant had been heard in person and testimony taken. No appeal was taken from any of such orders of dismissal; they were dated respectively June 12,1961; July 7,1961 and October 23,1961.
It is noteworthy that notwithstanding such three dispositions of such applications in each of which claimant was adjudged insane, in none of the threé was any guardian or legal representative appointed to represent claimant; he conducted his own proceeding to the best of his ability.
Claimant’s retention at Matteawan continued following said last-mentioned date until attorneys retained by his family conferred with the hospital authorities on August 27, 1962 and furnished an affidavit of claimant’s wife showing the truth of certain facts which claimant had related to the hospital authorities but which said authorities had previously not believed but had considered to be claimant’s delusions; after receipt of such affidavit claimant was discharged on September 17, 1962 after a certificate of “ recovery ” was issued by the Superintendent of said hospital.
Prior to the commencement of this trial a motion had been made by the State before Honorable Alexander Del G-iorno, a Judge of this court, to dismiss this claim on the grounds (1) that the court does not have jurisdiction of the subject matter *793 (2) that there already was at the time such motion was made an existing final judgment or decree of a court of competent jurisdiction rendered upon the merits, determining the same cause of action between the parties and (3) that the claim does not state facts sufficient to constitute a cause of action. The State’s motion was denied insofar as it was based on the ground of the court’s alleged lack of jurisdiction and insofar as the contention that the claim did not state facts sufficient to constitute a cause of action, but was granted on the issue of res judicata only to the extent that claimant had been determined to be mentally incompetent from the date of his commitment to Matteawan to October 23, 1961, this being the date of such last order dismissing claimant’s application for a writ of habeas corpus. (See Rosario v. State of New York 42 Misc 2d 699.)
No appeal was taken from the decision upon such motion.
Said decision left open, however, the questions of alleged negligence of the State “as to the medical, rehabilitative and custodial care given claimant while an inmate of the hospital ” (p. 703) and limited the period as to which the claim was dismissed as res judicata from the date of claimant’s admission to Matteawan to October 23, 1961.
The denial of the applications for writs of habeas corpus constitute determinations on the merits and res judicata between the parties hereto that claimant was of unsound mind from the date of his commitment to Matteawan to October 23, 1961.
His mental condition having been so determined, he cannot now succeed in asserting a claim against the State for his confinement in Matteawan as an insane person for that period.
Claimant had “his day in court ” on each of such applications; he was present in court each time and testimony was taken each time; on each such hearing claimant had the burden of proof in establishing the fact of his sanity, which burden he obviously failed to sustain.
Any question, therefore, of his right to be discharged by the hospital authorities as sane during the entire period of time from the date of his admission to October 23, 1961 has been resolved in favor of the State and against the claimant, and cannot be re-litigated in this action. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473.)
This issue as to his sanity over such period of time having been so determined, claimant now endeavors to prove that during said time, the State and its employees were negligent in administering the medical and custodial care given him.
*794 The decision of Judge Del Giokuo upon such motion clearly excepted from its operation and effect the question as to whether the State and its employees were negligent in such regard and such issues were reserved to be decided upon the trial of this claim.
This court finds and determines after hearing the proof herein that claimant is also precluded from deriving any benefit from the reservation of those issues for the period prior to October 23, 1961; the court has reached this conclusion for the reason that claimant’s main contention of negligence on the part of the State during such period is that the State failed to unearth the facts which would have shown him to be sane; even assuming claimant succeeded here in proving such negligence the most favorable ultimate benefit he could obtain from such a determination would be a finding by this court that he was sane during all or part of the period prior to October 23, 1961; this issue however, as above stated, has been adjudicated by three separate orders of the Supreme Court whereby claimant has been adjudged insane during said time.
There was no showing of fraud on the part of the State physicians who testified at such habeas corpus proceedings; the court which so determined such issue of claimant’s insanity was of competent jurisdiction; this court is therefore bound by the determinations of that court and cannot entertain a collateral attack upon said adjudications based upon any evidence received upon this trial.
It is unfortunate for claimant that he is placed in this position by his having delayed so long in causing the .true state of facts to be proved to the hospital authorities; it now appears that' claimant’s applications for release in the habeas corpus proceedings might well have been granted had such proof been submitted in any of those proceedings; claimant’s failure to present such proof now works to his disadvantage, since the adjudication in such proceedings is binding on this court.
Upon all the evidence herein this court is constrained to find and to hold that any claim by this claimant for damages covering the period of his detention from October 9, 1958 to October 23, 1961 must be disallowed; insofar as that period of time is concerned, his claim must be and hereby is dismissed.
However, this court is impressed by the claimant’s proof that the physicians and employees at Matteawan negligently failed to give proper attention to claimant and his mental condition and failed to make proper inquiry into the circumstances during his stay there of nearly 4 years; the court finds that further investigation of claimant’s version of the facts should have been *795 made particularly after claimant had initiated, although unsuccessfully, three habeas corpus proceedings thereby calling claimant’s condition and his contentions to the attention of the officials in charge of said hospital.
His personal conduction of such proceedings, together with his orderly, alert, co-operative and normal conduct during his entire period of incarceration in Matteawan should have constituted a caveat to the hospital officials to re-examine their conclusion that he was insane; also their own determination that claimant was insane should have alerted them to make inquiry of others and to examine further into the background of the situation which was actually factual, but which they carelessly and negligently classified as delusionary on claimant’s part.
The court finds that the physicians and employees of the State in charge of claimant at Matteawan were negligent in that (1) they failed and omitted to obtain a complete and proper history of claimant and the circumstances behind his commitment, and failed to properly investigate the facts upon which a proper diagnosis of claimant’s mental condition could have been made, (2) they failed to inform claimant that their principal basis for detaining him was their disbelief of a situation which claimant eventually proved to be true, (3) they perpetuated the initial diagnosis negligently made at the time claimant entered the hospital and continued claimant’s detention thereunder; they failed to conduct a formal staff conference on his condition for nearly four years to determine whether such first diagnosis justified his continued detention, and this delay continued until after said attorney presented such proof by claimant’s wife as above mentioned, (4) they based their diagnosis of claimant’s condition and consequently their lengthy detention of him on insufficient facts, and (5) they made substantially no effort to obtain a proper history from any of the various persons who visited claimant throughout his incarceration.
Upon all the evidence, including the observation of claimant as he gave his testimony in court, and including the fact that although claimant’s condition had not changed, he was described as “ recovered ” at the time of his release, it is the finding of this court that claimant has overcome and rebutted any presumption that might be deemed to exist that his condition of insanity continued to exist after October 23, 1961, and this court finds that claimant was sane subsequent to said date and until his release and discharge from Matteawan.
The Court finds that the negligence of which the State’s physicians and employees were guilty did not involve an error of medical or professional judgment and that the State is not pro *796 tected from liability therefor under the principles laid down in Higgins v. State of New York (24 A D 2d 147) or in St. George v. State of New York (283 App. Div. 245). Moreover, in the latter case, at page 249, the court distinguished certain cases there cited pointing out that in those “ escape ” cases, so-called, the negligence of the State was not predicated upon errors of professional judgment but that the negligence lay in permitting the escape of the patient for whose acts the State was held liable. In the present case the negligence of the State consists principally of the acts and omissions enumerated above.
The liability of the State for negligence is the same as that of a private individual or corporation, even though the employee in question is a physician. (Pisacano v. State of New York, 8 A D 2d 335, 340; Liubowsky v. State of New York, 260 App. Div. 416, affd. 285 N. Y. 701.)
Proof was received showing that claimant prior to his incarceration had been employed as a longshoreman and had earned wages of approximately $6,000 per year; also that he had incurred legal expenses of $850 in effecting his release from Matteawan. Claimant is entitled to recover his lost wages from October 23,1961 to the date of his discharge from Matteawan on September 17, 1962 which the court finds to be in the amount of $5,500 and in addition thereto said amount of $850 for attorneys services which is hereby determined to be the fair and reasonable value of such services in effecting his release.
In addition thereto, claimant is awarded the additional amount of $10,000 as damages for his incarceration and retention by the State in Matteawan State Hospital from October 23,1961 to September 17, 1962 making a total amount hereby awarded to claimant in the sum of $16,350.
The motions to dismiss made by the Attorney-General at the close of claimant’s case and at the close of the entire case upon which decision was reserved on the trial are now denied.